W. PARKER HOLMES FOR THE USE OF JOHN G. CHRISTOPHER JULIA A. WILSON AND H. A. WILSON, HER HUSBAND, *Plaintiffs in Error,* v. WILLIAM R. THOMPSON, *Defendant in Error.*

EJECTMENT—PLAINTIFF MUST RECOVER ON STRENGTH OF OWN TITLE—AFFIRMATIVE CHARGE.

In ejectment the plaintiff must recover, if at all, upon the strength of his own title and not upon the weakness of the title of his adversary—and where in the trial of such a suit it appears that the plaintiff's claim rests upon a deed that is a nullity to convey title because made by parties who had no title to convey, and no title by adverse possession is shown in the plaintiff—it is not error for the court to give an affirmative charge to the jury to find for the defendant.

This case was decided by Division B.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*H. H. Buckman,* for Plaintiffs in Error;

*Baker & Baker,* for Defendant in Error.

TAYLOR, J.—The plaintiffs in error as plaintiffs below instituted their action of ejectment against the defendant in error, as defendant below, in the Circuit Court of Duval County, the defendant pleaded the general issue of not guilty. The case was tried before a jury, who, at the close of the evidence were affirmatively instructed by the Circuit Judge to return a verdict for the defendant, which was done and final judgment, was entered in accordance therewith, and for a review of this judgment the plaintiffs below bring the case here by writ of error. It is admitted that both the plaintiffs and defendant claim title through one James Lewis, who acquired title by a deed from Abel S. Baldwin dated September 13th, 1867. The said James Lewis and his wife Elizabeth on August 5th, 1893, executed to William A. McLean as trustee a deed wherein they conveyed to said William A. McLean as trustee for certain uses and trusts all of the said tract of land conveyed to him, the said James Lewis, by the said Abel S. Baldwin, except such parts or portions thereof as had been previously sold and conveyed to other parties. The evidence further shows that the said James Lewis died in 1893, subsequent to the execution of this trust deed. His wife Elizabeth died in July, 1896, and William A. McLean the trustee under this deed died in 1898.

The plaintiffs claim title to the land in dispute, being a part of the land conveyed to James Lewis by Abel S. Baldwin through conveyances executed after the death of said W. A. McLean, trustee, by W. A. McLean, Jr., for himself as heir at law of W. A. McLean, Sr., decaesed, and as trustee for James and Elizabeth Lewis and as administrator of the estate of W. A. McLean, deceased, and by John McLean for himself and as heir at law of W. A. McLean Sr., deceased, and as trustee for James and Elizabeth Lewis. These deeds from W. A. McLean,

Jr., and John McLean executed on their own behalf as heirs at law of W. A. McLean, Sr., deceased, and as his administrator and as trustees for said James and Elizabeth Lewis, are the only conveyances by which the plaintiffs undertook to show the passage to them of the title, if any, of James Lewis and Elizabeth, his wife, or of their heirs at law.

In the case of Christopher v. Mungen, decided here at the last term, 61 Fla. 513, 55 South. Rep. 273, where this deed of trust from James Lewis and wife to William A. McLean was directly involved for construction, it was held that: "As the trusts were not performed at the death of the trustee, and as before that time both James Lewis and his wife Elizabeth, had died, the purpose for which the trust was raised failed; and as there was no intention to convey to the trustee an estate of inheritance, but only to confer a power to sell and convey in fee simple, the title descended to the heirs of James Lewis at his death; and at the death of the trustee, or upon the failure of the objects of the trust, the title of the heirs of James Lewis was subject only to such debts as were made a charge upon the lands by the mortgage feature of the deed of trust." With this construction of this trust deed we are still content—and it follows consequently that the deed from W. A. McLean, Jr., and John McLean whereby they attempted to convey the property in dispute in their own right as heirs at law of W. A. McLean, deceased, trustee, and as his administrator and as trustee for James and Elizabeth Lewis both of whom were at the date of such deeds deceased, were nullities and conveyed no sort of title to the premises upon which ejectment could be sustained. And since the plaintiffs have failed to show any title by occupancy or possession, and show title only through these deeds from W. A. McLean, Jr., and John McLean

17—Vol. 62

as heirs at law of W. A. McLean, Sr., deceased, and as his administrator, it follows that they had failed to show any title to the property in dispute, and the trial judge was correct in instructing the jury to return a verdict for the defendant, since the rule is well established here as elsewhere that in ejectment the plaintiff must recover, if at all, upon the strength of his own title and not upon the weakness of the title of his adversary. As this disposes of the main issue presented in the case, it is unnecessary to consider in detail any of the other assignments of error.

The judgment of the Circuit Court in said cause is hereby affirmed, at the cost of the plaintiffs in error.

HOCKER and PARKHILL, J. J., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.